MICHAEL B. PALILLO, ESQ.
MICHAEL B. PALILLO, P.C.
277 Broadway, Suite 501
New York, NY 10007
(212)608-8959
mpalillo@palillolaw.com

UNITED STATES OF DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X
TERON WATSON,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT and
POLICE OFFICER DANIEL VELASQUEZ
TR#957250,

                Defendants.

- - - - - - - - - - - - - - - -X

**AFFIRMATION AND MEMORANDUM OF LAW**

Case No.
16-cv-5025(PKC)(RLM)

    MICHAEL B. PALILLO, an attorney duly admitted to practice in the United States District Court for the Eastern District of New York affirms the following under penalties of perjury:

    1. I am the attorney for the Plaintiff in the above entitled action, and respectfully move this Court to issue an Order permitting the Law Offices of Michael B. Palillo, P.C. to withdraw as attorney for the Plaintiff herein, granting a stay of all proceedings for a period of thirty (30) days to allow Teron Watson sufficient time to obtain substitute counsel, granting the Law Office of Michael B. Palillo P.C. a charging

lien and disbursements expended in the sum of $665.00 and for such other relief as this Court deems just, proper and equitable.

**I. INTRODUCTION**

2. This action seeks recovery under Civil Rights Act, Title 42 of the United States Code, Sections 1981 and 1983 as well as negligence as a result of the wrongful arrests of the Plaintiff which occurred on November 12, 2014 and again on July 3, 2015. Plaintiff's complaint, annexed as Exhibit "A" was filed on September 9, 2016.

3. On April 7, 2017 your affirmant appeared in this action in substitution of the Law Office of Roger Archibald, Esq., 26 Court Street, Brooklyn, NY 11242 in the representation of Teron Watson. (Exhibit "B").

4. By way of history, your affirmant successfully represented Teron Watson in two prior cases entitled *Watson v. City of New York* (settled March 14, 2016) S.D.N.Y. and *Watson v. Bank of America* 16-cv-9874 S.D.N.Y. (Settled March 30, 2017) The first case against the City of New York arose out of an event which occurred on February 9, 2015. (Exhibit "C")

5. Following the resolution the Bank of America case, Teron Watson asked that I undertake to represent him in another case against the City of New York. I was unaware that Mr.

case against the City of New York. I was unaware that Mr. Watson was the victim of false arrest claims against the City of New York which arose on November 12, 2014 and on July 3, 2015 for which he sought redress. I agreed to represent him and on May 2, 2017 I reimbursed Mr. Watson's then attorney, Roger Archibald Esq. his disbursements of $665.00 ("Exhibit "D")

6. Following receipt of Plainiff's file in the case at bar your affirmant learned that the Plaintiff's causes of action as alleged arose on November 12, 2014 and on July 3, 2015.

7. After your affirmant's office was retained, pre-trial settlement conferences where held with this Court however the City of New York never made a firm offer. The Plaintiff was kept appraised of these negotiations.

8. On March 14, 2016 Plaintiff Watson agreed to settle his prior lawsuit against the City of New York and executed a general release.(Exhibit "E") During this time, Plaintiff Watson never disclosed to your affirmant that he retained another attorney to prosecute claims which occurred prior to the first case against the City of New York was settled.

9. When this fact was discovered I advised Plaintiff Watson that the release signed in the prior case against the City of New York may be a bar to obtaining any recovery in this case. The basis of this was the fact that the prior general release, released the City of New York from all claims, whether

known or unknown which occurred prior to the execution of the general release.

10. If these facts were disclosed, your affirmant would not have permitted Mr. Watson to executed the general release in the form it was in.

11. Once Mr. Watson was appraised of these developments, significant differences arose between the Plaintiff and your affirmant regarding the effect the prior general release would have on being able to proceed with this case, the feasability of Plaintiff establishing a prima facia case, as well as the likelihood of any settlement.

12. On July 18, 2017 Plaintiff faxed a letter to your affirmant discharging him as counsel. (Exhibit "F").

**II. ARGUMENT**

13. Under Local Civil Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

14. Accordingly, "[w]hen considering whether to grant a

motion to dismiss, district courts must thus analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB)(JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011).

15. In the case of *Vivian Ngauib v. Public Health Solutions*, 12 Civ 2561 (ENV) (LLB) E.D.N.Y. May 15, 2014, a case with facts substantially similar to the facts of the case at bar, in granting Counsel's application be relieved as Counsel, the Court noted:

"Pursuant to Local Civil Rule 1.4 which governs withdrawal of attorneys, "[a]n attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . . ." Satisfactory reasons include "a client's lack of cooperation—including lack of communication—with counsel, and the existence of an irreconcilable conflict between attorney and client." *Diarama Trading Co. v. J. Walter Thompson U.S.A.*, 01 Civ. 2950 (DAB), 2005 U. S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 12, 2005) (internal quotation marks omitted); see also *Ashmore v. Cgi Group, Inc.*, 11 Civ. 8611 (AT), 2014 U.S. Dist. LEXIS 51618, at

*2 (S.D.N.Y. Apr. 7, 2014) (a breakdown of the attorney-client relationship is sufficient grounds for withdrawal); *Winkfield v. Kirschenbaum & Phillips, P.C.*, 12 Civ. 7424 (JMF), 2013 U.S. Dist. LEXIS 12093, at *3-4 (S.D.N.Y. Jan. 29, 2013) (irreconcilable differences constitute a satisfactory reason for withdrawal)

16. In the case at bar it is respectfully submitted that the breakdown of the attorney-client relationship, as evidenced by Mr. Watson discharging your affirmant, constitutes a satisfactory reason for your affirmant to withdraw as Counsel

### III. Withdrawing at this stage of the litigation would not unduly disrupt the existing case schedule.

17. Where discovery has not yet closed and a case is not "on the verge of trial readiness," withdrawal of counsel is unlikely to cause either prejudice to the client or such substantial disruption to the proceedings as to warrant a denial of leave to withdraw. *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12 Civ. 7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013) (quoting *Blue Angel Films*, 2011 WL 672245, at *2); accord *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH) (JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011). circumstances.

18. No prior application for the relief requested herein as been made.

## IV. CONCLUSION

19. For all the foregoing reasons, Michael B. Palillo P.C. respectfully requests that this Court enter an order permitting Michael B. Palillo to withdraw from his representation of Teron Watson, that a stay of all proceedings be granted for a period of thirty (30) days to allow Teron Watson sufficient time to obtain substitute counsel, granting the Law Office of Michael B. Palillo P.C. a charging lien including disbursements in the sum of $665.00 and for such other relief as this Court deems just, proper and equitable.

Dated: New York, New York
July 25, 2017

_____
MICHAEL B. PALILLO, ESQ.

Case No. 16-cv-5025(PKC)(RLM)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERON WATSON,

        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT and POLICE OFFICER
DANIEL VELASQUEZ TR#957250

        Defendants.

**NOTICE OF MOTION FOR AN
ORDER PURSUANT TO LOCAL
CIVIL RULE 1.4**

**Michael B. Palillo P.C.**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501
New York, NY 10007
(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
mpalillo@palillolaw.com
(Not for Service)

Signature (Rule 130-1.1-a)

MICHAEL B. PALILLO, ESQ.