# EXHIBIT A

# UNITED STATES DISTRICT COURT
For the
Easter district of New York

| | | |
|---|---|---|
| TERON WATSON,<br>                        Plaintiff,<br><br>  -against-<br><br>THE CITY OF NEW YORK, NEW YORK<br>CITY POLICE DEPARTMENT and<br>POLICE OFFICER DANIEL VELASQUEZ,<br>TR#957250<br><br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |

**Summons in a Civil Action**

To:    ZACHARY W. CARTER
         Corporation Counsel
         Law Department
         100 Church Street
         New York, New York 10007

A lawsuit has been filed against you.

      Within__ days after service of this summons (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

      ROGER VICTOR ARCHIBALD, PLLC
      26 Court Street, Suite 711
      Brooklyn, New York 11242

If you fail to do so, judgment by default will be entered against you for the relief demanding in the complaint. You also must file your answer of motion with the court.

 

_____
Name of clerk of court

Date:_____

_____
Deputy Clerk's signature

(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by rule 129(a)(3)).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
TERON WATSON,

                      Case No.:

                Plaintiff,          **VERIFIED COMPLAINT**

-against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT AND
POLICE OFFICER DANIEL VELASQUEZ,
TR# 957250

                Defendants.
---------------------------------------------------------------X

       The plaintiff, complaining by and through his attorney ROGER VICTOR ARCHIBALD, PLLC, as and for his complaint against the above-named defendants, alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. That at tall times herein mentioned plaintiff TERON WATSON was and still is a resident of Kings County, City and State of New York.

2. That at all times herein mentioned defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT were and still are domestic corporations, duly organized and existing under and by virtue of the Laws of the State of New York.

3. That this action arises under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections §1981 and § 1983.

4. That this Court has jurisdiction under the provisions of Title 8 of the United States Code, Sections § 1331 and § 1338.

5. That at all times herein mentioned defendant Police Officer Daniel Velasquez of Command TD4/863, was and still is an employee of the New York City Police Department, a domestic corporation, duly organized and existing under and by virtue of the Laws of the State of New York.

6. That on or about November 12, 2014, Plaintiff TERON WATSON was wrongfully arrested in New York County by an unknown member of the New York City Police Department on a charge of Theft of Services (PL 165.15.03).

7. On or about November 12, 2014, Plaintiff had a valid MetroCard with sufficient credit thereon to pay his fare for a ride to his desired destination.

8. On or about November 12, 2014, Plaintiff was in the process of swiping his MetroCard when an unknown member of the NYCPD approached him and accused Plaintiff of fare evasion.

9. On or about November 12, 2014, Plaintiff explained to said unknown Police Officer that he was not attempting to evade paying his fare and that he was in fact in the process of swiping his MetroCard to gain access to the Subway.

10. Notwithstanding Plaintiff explanation and production of his MetroCard, said unknown Police Officer placed the Plaintiff under arrest on a charge of Theft of Services.

11. Plaintiff was subsequently arraigned on the Theft of Services Charge and entered a plea of Not Guilty.

12. On or about April 20, 2015, the Hon. K. McGrath dismissed the charges against the Plaintiff on account of the Prosecution's inability to prove Plaintiff's guilt beyond a reasonable doubt.

13. That the actions of the defendants were negligent and careless.

14. That as a result of the negligent actions of the defendants, the plaintiff TERON WATSON, sustained multiple harms, the full extent of which is not presently known, including but not limited to, utter humiliation, embarrassment, lack of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

## AS AND FOR A SECOND CAUSE OF ACTION

15. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 14 of this complaint with the same force and effect as though fully set forth herein at length.

16. On or about July 3, 2015 Plaintiff, Teron Watson, was lawfully standing on the Mezzine of the Blecker Street Subway Station located in New York, New York.

17. At approximately 10:12P.M. Plaintiff was approached by NYPD Police Officer Daniel Velazquez, Tax Registry No.: 957250, Command Code: TD4/863 of the 9th Precinct who accused plaintiff of not paying his fare to enter the subway.

18. Plaintiff explained to Police Officer Velasquez that he did in fact pay his fare to enter the subway and produced his MetrocCard and indicated to the Officer that he used the said card, which had sufficient funds thereon to pay his fare.

19. Notwithstanding Plaintiff's explanation, Police Officer Velasquez, nevertheless, issued a Summons to Mr. Watson for the offense of Disorderly Conduct, in violation of Section 240.20 of the New York Penal Code.

20. The said Summons directed Mr. Watson to appear in NYC Criminal Court located at 346 Broadway, New York, NY on August 25, 2015 at 9:30A.M.

21. On August 25, 2015 a sitting Judge of the said NYC Criminal Court dismissed the Disorderly Conduct Charge, which was filed against Mr. Watson.

22. That as a result of the foregoing actions of the defendants, Plaintiff, TERON WATSON, sustained multiple harms, the full extent of which is not presently known, including but not limited to, utter humiliation, embarrassment, luck of trust, conscious pain and suffering of both body and mind, serious and profound manifestations and overlay, lessening of self esteem, betrayal of trust, all of which will have life long effects upon the plaintiff including but not limited to his ability to relate to others and particularly authority figures, inability to resume a normal and productive life, special damages and loss of enjoyment of life.

23. That the conduct of the defendants in causing plaintiff's multiple injuries were wanton, cruel, careless and reckless and evinced a depraved disregard of plaintiff's person and of plaintiff's rights.

## AS AND FOR A THIRD CAUSE OF ACTION

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 23 of this complaint with the same force and effect as though fully set forth herein at length.

25. That the foregoing acts of defendants violated the civil rights of the plaintiff to wit: to be secure in his person; not to be deprived of life, liberty or property without due process of law; not to be subjected to cruel and unusual punishment;

his rights under the Constitution of United States of America including under the Fourth, Sixth and Fourteenth Amendments, thereto.

26. That the defendants in performing the foregoing acts were acting under color of State Law.

27. The foregoing acts of the defendants constituted violations of the civil rights of the plaintiff enumerated hereinabove.

28. The foregoing acts of the defendants constituted violation of the plaintiff's civil rights pursuant to 42 U.S.C., Sections §1981 and § 1983

29. That the acts of the defendants, as aforesaid, were wanton, cruel, careless and reckless and evinced a depraved disregard for plaintiff and for plaintiff's civil rights.

30. As a result of the foregoing violation of plaintiff TERON WATSON's civil rights, he was caused to experience fright, fear, shock, emotional distress, psychological injury, conscious pain and suffering.

**WHEREFORE**, Plaintiff demands judgment against Defendants in the following:

1. On the First, Second and Third Causes of Action in the sum of Ten Million Dollars ($10,000,000.00) in compensatory and punitive damages and such exemplary or other damages as may be awarded based on the aforesaid acts of the defendants and the aforesaid statutes and laws, together with interest, costs and disbursements of this action; and

2. That this Court grant such other and further relief as it shall deem just.

Dated: Brooklyn, New York
        August____,2016

Respectfully submitted,

ROGER V. ARCHIBALD, PLLC

By: _____
Roger V Archibald, Esq.
Attorney for Plaintiff
Teron Watson

26 Court Street, Suite 711
Brooklyn, New York 11242
(718) 237-1111 Telephone
(718) 237-1425

To:   THE CITY OF NEW YORK
      100 Church Street
      New York, New York 10007

      THE NEW YORK CITY POLICE DEPARTMENT
      One Police Plaza
      New York, New York 10038

## PLAINTIFF'S VERIFICATION

STATE OF NEW YORK  )
                  ) SS:
COURT OF KINGS    )

I, TERON WATSON, plaintiff in the herein matter, being duly sworn, depose and affirm that:

I have read the foregoing SUMMONS and VERIFIED COMPLAINT, the contents of which are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, as those, I believe them to be true.

_____
TERON WATSON

Sworn to before me this 31
Day of August, 2016

_____
Notary Public

ROGER V. ARCHIBALD
Notary Public, State of New York
No. 24—4989923
Qualified in Kings County
Commission Expires Dec. 28, 17