# EXHIBIT C

Schedule 1

<u>Description of Claim</u>

Case Name: Teron Watson v. City of New York

Claim Number: 2015 PI 015547

Caption:

Index No.:

Court:

Date of accident: 2/9/2015

UIM Case Name:

UIM Claim Number:


**\*including any and all related claims and actions resulting from the above referenced incident**

Initials

Michael B. Palillo P.C.
Attorney for Plaintiff
277 Broadway, Suite 501
New York, New York 10007
T: (212)608-8959
F: (212)608-0304
E: MPalillo@PalilloLaw.com

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

TERON WATSON

              Plaintiff,

   -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICER
JOHN MALONEY OF THE TRANSIT BUREAU, AND
OTHER UNIDENTIFIED OFFICERS "JOHN DOES"
AND"JANE DOES" 1-5 NAMES FICTITIOUS,
TRUE NAMES UNKNOWN INTENDED TO
DESIGNATE POLICE OFFICERS AND OF
THE TRANSIT DISTRICT 2ND PRECINCT
AT THE TIME AND PLACE ALLEGED

              Defendants.

------------------------------------X

Civil Action No:
Date Filed:

**VERIFIED
COMPLAINT**

JURY TRIAL DEMANDED

COUNSELORS:

     Plaintiff, TERON WATSON, by his attorney, MICHAEL B. PALILLO, P.C.,

complaining of Defendants, alleges upon information and belief as follows:

## JURISDICTION AND VENUE

     1.    That the jurisdiction of this Court is invoked under the Provisions of Sections

1331 and 1343 of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code, and

under the pendent jurisdiction of this Court with respect to the causes of action under State Law

sounding in tort.

2.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and c) because a substantial part of the events and omissions giving rise to this action occurred in this District.    42 U.S.C. §1985.

## PARTIES AND FACTS

3.    That this is an action for money damages to redress deprivation by Defendants of the rights secured to Plaintiff, TERON WATSON under the Constitution and Laws of the United States of America and the State of New York.

4.    That Plaintiff, at all dates and times hereinafter mentioned, was and still is a resident of the County of Kings, State of New York.

5.    That at all times hereinafter mentioned, Defendant, THE CITY OF NEW YORK, [hereinafter "CITY"], was and still is a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York.

6.    That at all times hereinafter mentioned, Defendant, THE NEW YORK CITY POLICE DEPARTMENT, TRANSIT BUREAU [hereinafter "NYPD"], was and still is a Department and/or Agency of Defendant, "CITY," and operates under its supervision, management and control and which is responsible for the appointment, training, supervision, promotion and discipline of police officers, detectives and supervisory police officers and detectives, including the individually named Defendants herein. Defendant, "CITY" as an employer of the individual Defendant officers is responsible for their wrongdoing under the doctrine of *respondeat superior.*

7.    That at all dates and times hereinafter mentioned, Defendant, PO JOHN MALONEY and unidentified law enforcement personnel, "John Doe/Jane Doe" numbered "1-5" names fictitious, true names unknown but intended to be designated Police Officers/Detectives

assigned to the NYPD Transit Bureau, 2nd District were agents servants and or employees of the NYPD a municipal agency for the City of and acted within the scope of their employment as such.

8.      Defendant, "CITY," as a municipal entity is authorized under the laws of the State of New York to maintain a police department known as the NYPD which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9.      Defendant, "CITY," assumes the risk incidental to the maintenance of its police force and employment of police officers.

10.      Upon information and belief, the law enforcement activity of Defendant, "CITY," and "NYPD" are funded in part with funds from the Federal Government.

11.      That a Notice of Claim was duly presented to Defendants, "CITY" and "NYPD," at the Office of the Comptroller of the City of New York on the May 21, 2015 which was within ninety (90) days of the cause of action accrued herein.

12.      That the "CITY" has demanded a hearing, pursuant to §50-H of the General Municipal Law, and a hearing was held on October 1, 2015.

13.      Said claim has been presented for adjustment and payment and no adjustment or payment has been had.

14.      This action has been brought within one year and ninety (90) days of the happening of the event complained of.

15.      That at all times herein mentioned, the Defendant "CITY" and "NYPD" were acting under color of law, that is, under color of the Constitution, statutes, laws, rules, regulations, customs and usages of the City and State of New York.

16. The within claim against the Defendants is for unlawful search and seizure, unlawful arrest, assault, sexual assault by repeatedly touching TERON WATSON'S genitals, false imprisonment, unlawful pat down, unlawful detainment, negligence, negligent hiring, training, followed, stopped, accused, detained and/or falsely charged with a crime, in violation of laws which include and are not limited to:

28 U.S.C. §§ 1331, 1343 (3) and 1367 (a)

42 U.S.C. 1983 (Section 1983)

Fourth and Fourteenth Amendments to the United

States Constitution;

The laws of the State of New York;

Common law torts of false imprisonment/arrest;

Non-consensual detention;

Refusal to allow the Plaintiff to leave an area and

physically preventing him from leaving an area for

a long period of time without his consent and

against his will;

Negligence;

Excessive force;

Assault and Battery;

In placing the plaintiff in imminent and offensive

bodily contact and/or wrongfully subjecting him to

offensive physical contact without his consent;

In subjecting the Plaintiff to a body search;

Malicious prosecution;

17.  The within claim arose on February 9, 2015 at approximately 9:05 P.M. on the 23rd Street Subway Station train platform, to the A/C lines in the County and State of New York.

18.  That Plaintiff, TERON WATSON, was lawfully present on the aforementioned train platform.

19.  That TERON WATSON was subject to an unlawful stop by police officers employed by the "CITY" and "NYPD".

20.  That upon information and belief TERON WATSON was subject to an unlawful stop on the aforementioned subway platform by PO JOHN MALONEY of the Transit Bureau, 2nd District.

21.  That upon information and belief TERON WATSON was subject to an unlawful stop on the aforementioned subway platform by unidentified detectives/police officers "JOHN/JANE DOE".

22.  That TERON WATSON was detained and held against his will, handcuffed, interrogated, accused of committing a crime, searched, held for 20-30 minutes, arrested, paraded in handcuffs in public, grabbed, shoved, pushed, where he was searched, sexually assaulted, had his genitals squeezed and touched, taken to the Transit District 2nd Pct. in handcuffs where he was again searched, interrogated, detained, fingerprinted, photographed, restrained against his will for approximately 3-4 hours, that although he complained to the police officers for approximately three hours that the handcuffs placed on his wrists, the police refused to loosen them necessitating him to be brought to the Bellevue Hospital Medical Center for emergency room treatment to his wrists, was thereafter taken to central booking where he was again interrogated, put into a holding cell for 15-20 hours, was arraigned and charged with unlawful

solicitation in the subway where it is allege that PO JOHN MALONEY observed TERON WATSON standing in front of the turnstiles asking to be swiped into the subway system, that PO MALONEY allegedly saw TERON WATSON approach five (5) people while TERON WATSON moved his hand in a back and forth motion.

23.     On February 10, 2015 TERON WATSON was released from Criminal Court without having to post bail.

24.     TERON WATSON was required to appear in the Criminal Court New York County on April 20, 2015 wherein the Criminal charges against him were dismissed and sealed pursuant to CPL 160.60 reflecting that "THE ARREST AND PROSECUTION SHALL BE DEEMED A NULLITY AND THE ACCUSED SHALL BE RESTORED, IN CONTEMPLATION OF LAW, TO THE STATUS OCCUPIED BEFORE THE ARREST AND PROSECUTION.

25.     No facts existed that would give rise to the inference that Plaintiff TERON WATSON committed any crime or his actions in any other way were unlawful.

26.     That the officers of the NYPD and CITY did put handcuffs onto the Plaintiff on public display on a subway platform, search him for in excess of 20-30 minutes.

27.     That the officers of the NYPD and CITY did place their hands onto the Plaintiff touching his genitalia.

28.     That the officers of the NYPD and CITY did walk and parade the Plaintiff in handcuffs on the subway platform.

29.     That the officers of the NYPD and CITY did take TERON WATSON in handcuffs to the Transit Bureau 2nd District.

30. That the officers of the NYPD and CITY did parade the Plaintiff into the police station in handcuffs.

31. That the officers of the NYPD and CITY did pat down and interrogate the Plaintiff.

32. That the officers of the NYPD and CITY did search the Plaintiff again, did interrogate him, did photograph the Plaintiff, did finger print him and kept him in the Transit District 2nd precinct for 3-4 before agreeing to take TERON WATSON to the Bellevue Hospital due to his repeated complaints of wrist pain as the hand cuffs were applied very tightly.

33. That TERON WATSON was taken in handcuffs to the Bellevue Hospital.

34. That TERON WATSON was taken to central booking where he was again interrogated and kept in a holding cell. That the officers of the NYPD and CITY did place the Plaintiff into a holding cell for in excess of seven (7) hours.

35. TERON WATSON was aware of his confinement, did not consent to his confinement, the placing of hands onto his person and his arrest and detainment was not otherwise privileged.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST

## THE NYPD and CITY 42 U.S.C. 1985

36. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

37. The NYPD and CITY demonstrated a lack of justification for stopping, searching, seizing, groping, questioning, and particularly handcuffing, parading him in a public subway and on a public sidewalk, placing him into police custody, transporting him to a police station,

interrogating him, searching him, placing him in a holding cell, detaining him, holding him and thereafter releasing him.

38.     TERON WATSON was subject to a search and seizure of his person and belongings, sexually assaulted, falsely detained and taken into custody, arrested and unlawful imprisoned, all against his will and without his consent by the agents, servants and/or employees of the CITY and NYPD.

39.     That the Defendants CITY and NYPD, its agents, servants and employees acted without probable cause or reasonable suspicion to believe that TERON WATSON had committed, was committing, was immediately about to commit any crime, offense or violation, or reasonable cause to believe that any criminal activity was afoot when they stopped him; detained him on a public sidewalk; handcuffed him on a public sidewalk; assaulted him by placing their hands onto him without his consent; arrested him; kept the Plaintiff handcuffed in a police vehicle; forcibly transported the Plaintiff to the 9th Precinct against his will, by the agents, servants and/or employees of the CITY/NYPD where he was placed in a holding cell, interrogated; searched, continue to engage in a practice implement and continue to enforce, encourage and sanction policies, practices and/or customs that result in a pattern and practice of unconstitutional stops, searches, seizures, questioning, false arrests of innocent individuals.

40.     Through the actions described above the NYPD and CITY have acted knowingly intentionally maliciously and/or with willful, wanton and reckless disregard for TERON WATSON'S federally and State protected civil rights.

41.     The NYPD's and CITY's widespread constitutional abuses have flourished as a result of, directly and proximately caused by ongoing pattern, practices, conspiracy, policies and/or customs devised, implemented and enforced by the NYPD.

42. The NYPD and CITY knew or should have known that their actions as described above were in violation of law.

43. That as a proximate/direct/result of the actions of the CITY/NYPD, its agents, servants and/or employees, TERON WATSON upon information and belief, suffered serious emotional and bodily injuries and damage to his reputation for which he may be required to seek additional medical care and treatment for in the future.

44. Plaintiff suffered serious emotional injuries, stress upon his physical system psychological/emotional injury and anxiety, and damages the full extent of which is not known at this time, for which he was required to and will be required to seek health care in the future.

45. Plaintiff seeks compensatory damages as authorized and permitted to the highest extent of the Law.

46. As a result of the NYPD and CITY acting knowingly, intentionally and/or willfully and/or with willful, wanton and reckless disregard for TERON WATSON and/or his Federally protected rights, Plaintiff seeks punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST
## THE NYPD AND CITY OF NEW YORK

47. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

48. The Fourth Amendment of the United States Constitution prohibits police officers from conducting stops without a reasonable, articulable suspicion of criminal conduct and searching, seizing or arresting persons without probable cause.

49. The equal protection clause of the Fourteenth Amendment of the United States Constitution bars police officers from targeting individuals on the basis of race or national origin.

50.     The NYPD has engaged in pervasive, unconstitutional practices which are a direct and proximate result of policies, practices and/or customs devised implemented enforced and sanctioned by the CITY with the knowledge that such policies practices and customs would lead to violations of the Fourth and Fourteenth Amendments.

51.     These practices, policies and customs include but are not limited to failing to properly screen, train and supervise NYPD officers, failing to adequately monitor and disciple NYPD officers and encouraging and sanctioning and failing to rectify the NYPD's custom and practices of unlawful stops searches seizures and arrests.

52.     That the NYPD and CITY having knowledge that the work of the NYPD demands extensive training, superior judgment and close supervision, the City failed to properly screen, train and supervise NYPD officers, including supervisors, concerning the legal and factual basis for conducting stops, searches seizures and or arrests, knowing that such failures would result in Constitutional violations.

53.     That the NYPD has engaged in widespread abuses that are directly and proximately the result of the failure of CITY to properly and adequately monitor disciple, to take necessary corrective actions against NYPD Officers who engage in, encourage or conceal these unconstitutional practices, to take sufficient corrective, disciplinary and remedial action to combat the so called "blue wall of silence" wherein NYPD officers conceal on a consistent basis police misconduct or fail and refused to report same.

54.     The NYPD, the CITY OF NEW YORK, and NYPD Officers actions constitute constitutional abuses, have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourth Amendment.

55.     The CITY and NYPD have implemented, enforced, encouraged and sanctioned a policy practice and custom of stopping, searching, seizing and arresting individuals of color, including the Plaintiff without reasonable articulable suspicion of criminality or probable cause required by the Fourth Amendment.

56.     The NYPD and CITY'S actions constitute constitutional abuses and violations which were and are directly and proximately caused by the policies, practices and customs implemented enforced and encouraged by the NYPD and CITY, and have acted with deliberate indifference to the constitutional rights of the Plaintiff in violation of the Fourteenth Amendment.

57.     The NYPD has acted with deliberate indifference to the constitutional rights of those who would come into contact with the NYPD officers by a) inadequately monitoring NYPD officers and their practices related to crime enforcement, failing to sufficiently discipline NYCPD officers who engage in constitutional abuses and encouraging, sanctioning and failing to ratify the NYPD's unconstitutional practices, that responding officers did not inquire into the factual basis for arrests and detentions or whether there were any objective facts which could establish probable cause to arrest the individual, but rather has a policy, practice and/or custom of relying on conclusions made rather than inquiring into whether there are facts know which establish that probable cause to arrest existed, with a deliberate indifference by routinely arresting individuals without knowing whether they actually have probable cause to arrest.

58.     As a direct and proximate cause of the CITY'S and NYPD's policies practices and/or customs the plaintiff was subject to an unconstitutional stop, search seizure, questioning and false arrests by NYPD Officers.

59. The NYPD and CITY have acted with a deliberate indifference to the Plaintiff's Fourth Amendment rights.

60. The NYPD and CITY of New York having acted under color of law to deprive the Plaintiff of his rights under the Fourth Amendment, are in violation of 42 U.S.C. 1983 which prohibits the deprivation under color of State Law of the rights secured under the United States Constitution.

61. The policies of the NYPD and CITY has subjected the Plaintiff to stops, searches seizures and arrests without any reasonable articulable suspicion of criminality or probable cause, but rather on the basis of Plaintiff's race and/or national origin.

62. As a result of the foregoing the Plaintiff has suffered serious and irreparable harm to his constitutional rights including but not limited to 42 U.S.C. 1985.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST
### THE CITY OF NEW YORK (VIOLATIONS OF 42. U.S.C. 1983

63. Plaintiff repeats, reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

64. The NYPD and CITY have engaged in a deliberate indifference to the Fourteenth Amendment rights of the Plaintiff as a result of which Plaintiff's rights have been violated.

65. As a direct and proximate result of the acts and omissions of the NYPD and CITY have acted under color of state law to deprive the Plaintiff of his Fourteenth Amendment rights in violation of 42 U.S.C. 1983.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST
### POLICE OFFICER JOHN MALONEY AND
### "JOHN DOES" and "JANE DOES" "1" - "5"

66.     Plaintiff repeat, reiterate, re-alleges and incorporates by reference each and every allegation previously set forth herein at length.

67.     The conduct of Defendant PO JOHN MALONEY of the TRANSIT BUREAU and "JOHN DOES" and "JANE DOES" "1" - "5" in arresting TERON WATSON were performed under color of law and without any reasonable suspicion of criminality or other constitutional grounds.

**AS AND FOR A SIXTH CAUSE OF ACTION AGAINST**

**DEFENDANTS NYPD, CITY, PO JOHN MALONEY AND**

**"JOHN DOES" and "JANE DOES" "1" - "5"**

68.     Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

69.     The NYPD, CITY, PO JOHN MALONEY and "JOHN DOES/JANE DOES" 1-5 have committed the following wrongful acts against the Plaintiff which are tortuous under the Constitution and Laws of the State of New York:

Assault;

Battery;

Sexual Assault by grabbing his genitals and squeezing hard;

Unlawful search and seizure;

False arrest;

False imprisonment;

Malicious prosecution;

Negligence;

Violation of rights otherwise guaranteed under the Constitution and laws of the State of New York.

70. The NYPD, CITY, PO JOHN MALONEY and "JANE DOES" 1-5 were negligent, careless and reckless in the hiring screening training and retention of P.O. JOHN MALONEY "JOHN DOES" and "JANE DOES" 1-5.

71. The actions of the NYPD, CITY, PO JOHN MALONEY and "JOHN and JANE DOES" 1-5 were a direct and proximate cause of injury and damages to the Plaintiff and violated the statutory and common law rights as guaranteed to him under the Constitution and Laws of the State of New York.

## AS AND FOR AN SEVENTH CAUSE OF ACTION AGAINST
## PO JOHN MALONEY, "JOHN DOES" and "JANE DOES" "1" - "5"

72. Plaintiff repeats reiterates, realleges and incorporates by reference each and every allegation previously set forth herein at length.

73. The actions of the Defendants PO MALONEY, "JOHN DOES" and "JANE DOES" "1" - "5" occurred while they were in the course of and within the scope of their duty and function as New York City Police officers as agents servants and/or employees of the CITY.

## PRAYER FOR RELIEF

a) Awarding TERON WATSON compensatory and punitive damages against the Defendant CITY and NYPD in an amounts that are fair, just and reasonable to be determined at trial;

b) Awarding compensatory damages in an amount that would fully compensate TERON WATSON, plus pre-judgment interest, mental anguish, emotional pain and suffering, humiliation, embarrassment, physical injury, emotional distress, feelings of paranoia and distrust, depression, low self-esteem, sleep deprivation, loss of enjoyment of life, and

Constitution and Law of the State of New York;

d) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom.

e) Enjoining the "CITY" and "NYPD" from continuing it's policy, practice and custom based on racial and/or national origin

f) Awarding Plaintiff reasonable attorney's fees against the Defendant CITY and NYPD;

g) Order all other relief deemed just, proper and equitable by the Court.

## JURY DEMANDED

Plaintiff demands a trial by jury of all issues of fact and damages.

Dated: February 22, 2016
      New York, New York

MICHAEL B. PALILLO (0044)

19